### PATTEN v. LOPEZ
No. 180374.

Circuit Court, Hillsborough County.

November 21, 1969.

Bill Wagner of Wagner, Cunningham & Vaughan, Tampa, for plaintiff.

Paul Antinori, Jr. of Antinori, Cazin, Cohen & Thury, Tampa, for defendant.

ROBERT W. PATTON, Circuit Judge.

The above entitled cause came on to be heard before this court on October 16, 1969 upon the motion to dismiss the complaint filed by the defendant. There were present at the hearing Bill Wagner, Esq., of Wagner, Cunningham & Vaughan, attorneys for the plaintiff, and Paul Antinori, Jr., Esq., of Antinori, Cazin, Cohen & Thury, attorneys for the defendant.

The plaintiff seeks to recover damages for personal injuries suffered by him while he was a business invitee of the defendant at a place of business wherein the defendant operated a bar. The plaintiff alleges that he was assaulted with a pistol by another customer at the bar. The particular allegations containing the basis of the plaintiff's claim are contained in paragraphs 3 and 4 of the complaint, to-wit —

"That the defendant negligently allowed an extremely belligerent and drunken individual to remain in the bar at the above described premises and negligently continued to serve alcoholic beverages to said individual when the defendant knew or reasonably should have known that said individual was belligerent and was becoming inebriated.

"As a direct and proximate result of said belligerence and inebriation and as a direct and proximate result of the defendant continuing to serve said individual alcoholic beverages, said individual assaulted the plaintiff with a pistol, causing him serious injuries as hereinafter alleged."

The principal argument on behalf of the defendant with respect to the motion was that there are no allegations contained in the complaint of any facts which could have charged the defendant with knowledge that the other customer would assault the plaintiff with a pistol.

Both counsel cited the following Florida cases — Miracle v. Kriens, 33 So.2d 644, and Sparks v. Ober, 192 So.2d 81, as well as the annotation contained in 70 A.L.R.2d 621.

After consideration of the arguments made and authorities cited, this court is of the opinion that the duties of the owner of a bar towards his customers are clearly set forth in the quoted portions of the opinions in the following Florida cases —

The owner or occupant owes an invitee the duty of keeping the premises in a reasonably safe condition, and, as plaintiff contends, also to guard against subjecting such person to dangers of which the owner is cognizant or might reasonably have foreseen. (First Federal Savings & Loan Association v. Wylie, 46 So.2d 396).

> A tavern and bar may be likened to a place of amusement to which the public is invited. As to such places, the owner or proprietor is not an insurer of the safety of his patrons, but must exercise due care to maintain the premises in a reasonably safe condition for the customary and reasonable uses to which they may be put by the patrons, to use ordinary and reasonable care for the safety of his patrons and to guard against subjecting them to dangers of which he is cognizant or which he might reasonably foresee. (Sparks v. Ober, 192 So.2d 81).

> Although the proprietor of a liquor saloon or other place where intoxicants are sold is not an insurer of the safety of his patrons, as against outsiders, other patrons, or even his own servants, he certainly is bound to use every reasonable effort to maintain order and discipline among his patrons, his servants, or those who, while not necessarily in search of drink or pleasure, come upon the premises and are likely to produce discords or disorders to the injury or inconvenience of patrons lawfully in his place of business. (Miracle v. Kriens, 33 So.2d 644).

It apparently is the position of the defendant that because the complaint does not allege that the defendant knew or should have known that the other patron would assault the plaintiff with a pistol, plaintiff has failed to state a cause of action. To uphold his position would, in the opinion of the court, place a burden upon a plaintiff not contemplated by the Florida courts in the cases cited. While it can be argued that a strict interpretation of the language above quoted from the *First Federal* and *Sparks* cases might sustain this position, it is the opinion of this court that the duty arises when the proprietor is cognizant of or foresees that an invitee is in danger of being assaulted, not necessarily the method by which this may take place. As stated in *Miracle*, the duty is to use every reasonable effort to maintain order and discipline among his patrons. Accepting the allegations of the complaint as true for the purpose of this motion, it seems to this court that the continuance by the defendant of serving alcoholic beverages to "an extremely belligerent and drunken individual" would constitute a breach of the duty as set forth in the *Miracle* opinion.

For the reasons aforesaid, it is thereupon ordered that the defendant's motion to dismiss is denied, and the defendant is allowed a period of twenty days from the date of this order within which to file his written defenses to the complaint.